# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ROSETTA R. BROWNE,
          Appellant,

       v.

DEPARTMENT OF THE TREASURY,
          Agency.

DOCKET NUMBER
AT-0752-13-7373-I-1

DATE: March 4, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosetta R. Browne, Buford, Georgia, pro se.

Jessica L. Bachman, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Effective January 3, 2013, the appellant retired from her position as a Supervisory Associate Advocate with the Internal Revenue Service. Initial Appeal File (IAF), Tab 12, subtab 4f. She filed a Board appeal alleging that her retirement was involuntary because she was subjected to discrimination, reprisal for whistleblowing, and a hostile work environment. IAF, Tab 1 at 5.

¶3      The essential facts, as set forth by the administrative judge, are that starting in January 2011 the appellant and her secretary began to have numerous workplace conflicts that were brought to the attention of agency management. IAF, Tab 26, Initial Decision (ID) at 1-2; *see* IAF, Tab 9 at 4-5, Tab 10 at 5-6, 30, Tab 12, subtab 4e. On April 11, 2012, the appellant filed a complaint with the agency Inspector General indicating that she was "deeply concerned about [her] safety in this office" and alleging that her subordinate had thrown a three-ring binder at her. ID at 2; *see* IAF, Tab 10 at 29. Following this incident, the appellant alleged that: (1) on April 12, 2012, during a conference call to discuss her situation, the agency repeatedly requested her to resign; (2) from April 16 to May 7, 2012, she was forced to work from home; (3) when she returned to work,

she was told to move her office over the weekend; (4) effective May 6, 2012, she was detailed to a position where she performed mostly clerical duties and heard people laughing at her[2]; and (5) on December 12, 2012, was informed that she would be permanently reassigned to the position to which she had been detailed.[3] ID at 5; *see* Hearing Compact Disc (CD), Track 1 (testimony of the appellant).

¶4    After holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction finding that the appellant failed to establish that the agency engaged in a course of conduct that made working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to retire.  ID at 9.  The administrative judge found that, even assuming that the appellant was told to retire, work from home, and move her office over the weekend, a reasonable person would not have felt compelled to retire 8 months later.  ID at 8.  Regarding the appellant's detail, the administrative judge found that, although the appellant was unhappy about being assigned to a nonsupervisory position and performing work for which she felt overqualified, her detail did not render her working conditions so difficult that a reasonable person would have felt compelled to retire.  ID at 8-9.  Finally, regarding the appellant's discrimination and reprisal claims, the administrative judge found that she could only consider them to the extent that they may have contributed to the appellant's decision to retire and that, even if the appellant's allegations were true, they would not have coerced her retirement.  ID at 9.

¶5    The appellant has filed a petition for review in which she challenges the administrative judge's finding that her retirement was voluntary and asserts that the administrative judge failed to consider all of the evidence, made improper

---

[2] The appellant's detail was initially from May 6 to July 28, 2012, but it was subsequently extended until December 29, 2012.  IAF, Tab 14 at 16-19.

[3] Although the appellant testified that she was informed on several occasions during her detail that she would be reassigned instead of returning to her Supervisory Associate Advocate position, she in fact was not reassigned prior to her retirement.  Hearing CD, Track 1 at 2:01 (testimony of the appellant).

credibility determinations, and improperly excluded certain witnesses. Petition for Review (PFR) File, Tab 4. She also submits evidence that she argues is new and material. *Id*. at 14. Finally, she reasserts her discrimination and whistleblower reprisal[4] claims and raises constructive demotion, constructive suspension, and due process claims for the first time. *Id*. at 10-11, 17-19, 24-26. The agency has filed an opposition to the appellant's petition. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board will not address evidence or argument submitted by the appellant for the first time on review.

¶6    As an initial matter, we note that the appellant submits for the first time on review 17 exhibits containing documents that substantially predate the close of the record below.[5] PFR File, Tab 4 at 27. The Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.114(b). The appellant has not attempted to show that these materials were previously unavailable despite her due diligence. Accordingly, we have not considered them on review.

¶7    Similarly, we decline to consider the appellant's arguments raised for the first time on review that she was constructively demoted when the agency detailed her, she was constructively suspended when she was required to work

---

[4] Nothing in the record suggests that the appellant first brought her reprisal for whistleblowing claim to the Office of Special Counsel; thus there is no basis to treat this matter as an individual right of action (IRA) appeal. *See Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 (2014) (stating that if an appellant can prove by preponderant evidence that her resignation was involuntary, the Board may have IRA jurisdiction over the resignation as a personnel action under 5 U.S.C. § 2302(a)(2)(A)).

[5] For example, the appellant seeks to submit an April 28, 2014 sworn declaration from a former coworker, a number of documents from 2011 and 2012 regarding her former subordinate's conduct and performance issues, a 2011 step 2 grievance response, and a 2012 agency employee directory. PFR File, Tab 4, Exhibits 1-2, 5, 12.

from home, and the agency improperly failed to provide her with appeal rights with respect to these actions. *See* PFR File, Tab 4 at 10-11, 17-19. The appellant, who was represented by counsel below, failed to object to the administrative judge's order and summary of telephonic prehearing conference which specifically indicated that, "the following are the material issues to be decided in this appeal, to the exclusion of all other issues: (1) whether the appellant can prove that she lacked a meaningful choice when she retired; and (2) whether the appellant can prove that it was the agency's wrongful actions that deprived the employee of that choice." IAF, Tab 18 at 3. Notwithstanding the administrative judge's notice to the parties that, "[a]ny objections, corrections or additions to this Order must be stated on the record at the commencement of the hearing," *id*. at 5, the appellant failed to raise these issues. As such, we will not address them further.[6]

<u>The administrative judge properly found that the appellant's retirement was voluntary.</u>

¶8         The appellant primarily argues on review that the administrative judge erred in finding that her retirement was not involuntarily coerced through a series of detail extensions and a permanent reassignment. PFR File, Tab 4 at 10-11. An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Vitale v. Department of*

---

[6] An employee is deemed to have suffered a constructive demotion only where she is assigned from a position which, due to issuance of a new classification standard or correction of a classification error, was worth a higher grade; the employee met the legal and qualification requirements for promotion to the higher grade; and she was permanently assigned to a position classified at a grade level lower than the grade level to which she would otherwise have been promoted. *Solamon v. Department of Commerce*, 119 M.S.P.R. 1, ¶ 15 (2012); *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981). Those facts are not present here. A suspension involves the placement of an employee in a nonduty nonpay status. 5 U.S.C. § 7511(a)(2), 7501(2); *see McHenry v. U.S. Postal Service*, 121 M.S.P.R. 80, ¶ 5 (2014). There is no suggestion that the agency placed the appellant in a nonpay status, and thus there is no basis for a suspension claim, constructive or otherwise.

*Veterans Affairs*, [107 M.S.P.R. 501](#), ¶ 17 (2007). An involuntary retirement, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, [437 F.3d 1322](#), 1328 (Fed. Cir. 2006) (en banc). An appellant who claims that her retirement was involuntary may rebut the presumption of voluntariness in a variety of ways, for example, by showing that it was the result of misinformation or deception by the agency, or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, [116 M.S.P.R. 149](#), ¶ 14 (2011). In addition, intolerable working conditions may render an action involuntary when, under the totality of the circumstances, the working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to retire. *Wright v. Department of Veterans Affairs*, [85 M.S.P.R. 358](#), ¶ 25 (2000). The application of the totality of the circumstances test must be gauged by an objective standard rather than by the employee's purely subjective evaluation. *Shoaf v. Department of Agriculture*, [260 F.3d 1336](#), 1341-42 (Fed. Cir. 2001).

¶9    As the U.S. Court of Appeals for the Federal Circuit has observed, "[t]he doctrine of coercive involuntariness is a narrow one, requiring that the employee satisfy a demanding legal standard." *Conforto v. Merit Systems Protection Board*, [713 F.3d 1111](#), 1121 (Fed. Cir. 2013). "An employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary." *Id.* Thus, "coerced involuntariness does not apply if the employee resigns or retires because he does not like agency decisions such as a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels he has no realistic option but to leave." *Id.* at 1121-22.

¶10    We are not persuaded that the appellant's detail, taken in response to her expressed concern for her safety in the office, rendered her working conditions intolerable or was not based on legitimate reasons. As the Board has recognized,

dissatisfaction with work assignments or difficult or unpleasant working conditions such as the appellant has alleged here are generally not so intolerable as to compel a reasonable person to resign or retire. *Miller v. Department of Defense*, 85 M.S.P.R. 310, 322 (2000); *see Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987) (that appellant may have been confronted with an unpleasant choice between facing an adverse action and resigning does not suggest his resignation was the result of duress or coercion or otherwise involuntary).

¶11        Moreover, to the extent the appellant argues that the agency coerced her into retiring by permanently reassigning her, we note that the appellant was never permanently reassigned. Rather, she was temporarily detailed to a program analyst position, and, while she may have been informed that her temporary detail would become a permanent reassignment at some point, at the time she retired, her position of record was still Supervisory Associate Advocate. IAF, Tab 12, subtab 4f, Tab 14 at 11; Hearing CD, Track 1 at 2:00 (testimony of the appellant). Further, we note that the appellant testified that she requested retirement on December 2, 2012, prior to being informed on December 12, 2012, that she would be permanently reassigned to the position to which she had been detailed. Hearing CD, Track 1 at 1:00, 2:01 (testimony of the appellant). That the appellant chose to retire rather than wait until any permanent reassignment was effected did not render her retirement involuntary. Accordingly, the administrative judge properly dismissed the appellant's appeal for lack of jurisdiction.[7]

---

[7] Regarding the appellant's discrimination and reprisal claims, the administrative judge properly considered them only insofar as those allegations related to the issue of voluntariness and not to whether they would establish discrimination or reprisal as an affirmative defense. ID at 9; *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 10, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); *Vitale*, 107 M.S.P.R. 501, ¶ 20. The appellant's arguments on review regarding discrimination and reprisal do not show error in the administrative judge's well-reasoned decision. PFR File, Tab 4 at 24-26; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to

¶12 The appellant further asserts on review that, in finding that her retirement was voluntary, the administrative judge did not consider all of the evidence but rather improperly relied solely on the appellant's out-of-office email on the day she retired. PFR File, Tab 4 at 11-12. Specifically, she alleges that the administrative judge failed to consider her medical condition and the fact that beginning in April 2012, she began seeing a mental health professional for severe depression and suicidal tendencies. PFR File, Tab 4 at 23. We disagree with this argument.

¶13 It is well-settled that an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, we find that the initial decision reflects that the administrative judge considered the appellant's testimony regarding the various reasons why she felt compelled to retire and properly found that they would not have caused a reasonable person to retire.

¶14 The appellant also contends on review that the administrative judge failed to make appropriate credibility determinations and cites testimony by agency witnesses, including her first- and second-level supervisors and an equal employment opportunity official, which she contends shows that they poorly handled the situation with her and her subordinate employee, were biased against her, and sided instead with her subordinate employee. PFR File, Tab 4 at 1-10. The appellant does not, however, contest any specific factual findings made by the administrative judge. Having considered the appellant's arguments, we find that they are insufficient to disturb the administrative judge's well-reasoned

---

disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

initial decision. *See Crosby*, 74 M.S.P.R. at 106; *see also Broughton*, 33 M.S.P.R. at 359.

<u>We discern no error with the administrative judge's decision to exclude certain witnesses.</u>

¶15    Lastly, the appellant asserts that the administrative judge abused her discretion in denying her requested witnesses including D.M., N.O., Y.I., W.C., S.G., D.F., and M.B.[8]  PFR File, Tab 4 at 12-13.  Based on the record below, the appellant did not identify N.O. as a requested witness in her prehearing submission.  IAF, Tab 15 at 4-6.  The administrative judge denied S.G.'s testimony as not relevant and approved D.F., M.B., D.M., Y.I., and W.C. as rebuttal witnesses only.  IAF, Tab 18 at 4.  The appellant did not object to these rulings at the commencement of the hearing as instructed in the order and summary of prehearing conference.  IAF, Tab 18 at 5; Hearing CD, Track 1.  Because the appellant did not object to the administrative judge's witness rulings during the proceedings below, she is precluded from doing so on review.  *See, e.g.*, *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 9 (2010).  Further, an administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious.  *Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 20 (2014); *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985).  Accordingly, we discern no error in the administrative judge's decision to exclude or limit certain witnesses' testimony.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[8] We have identified these witnesses by their initials instead of by their full names.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.